De Blazio v. State, 139 Wis. 534.

---

DE BLAZIO and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*April 24—May 11, 1909.*

*Assault regardless of human life: Admissibility of evidence.*

In a criminal prosecution for assault regardless of human life, where the evidence was sharply conflicting as to whether defendants, or one of them, did the shooting charged, or whether one G. did it, and there was evidence that G. and his brother left the scene immediately after the shooting, it is error to exclude testimony of a witness tending to show that, within half an hour after and in the immediate vicinity of the affray, G.'s brother handed the witness two revolvers, one loaded and one empty.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *Reversed.*

The cause was submitted for the plaintiffs in error on the brief of *Dorr & Gregory,* and for the defendant in error on that of the *Attorney General, A. C. Backus,* district attorney, and *Norman L. Baker,* assistant, of counsel.

KERWIN, J. The plaintiffs in error, hereinafter called defendants, were convicted of an assault regardless of human life and sentenced to confinement in the house of correction in the county of Milwaukee. They removed the record here by writ of error. The defendant *Biajio De Blazio,* at the time of the alleged assault, lived with his wife and two children in a two-story frame house on Jackson street in the city of Milwaukee. The defendant *Joseph De Blazio,* Michael Millelo, and Joseph Di Vallerio boarded with defendant *Biajio De Blazio.* Frank Gillotti and Tony Gillotti, brothers, had formerly roomed in the house of defendant *Biajio De Blazio,* and at the time of the alleged assault had returned to get some articles which they had left there. When Frank called to get his effects he was accompanied by his brother Tony and two others, Di Veto and Marceo. The four entered the defendant's house together. At the time of entry the two defendants, the two boarders, and the wife of defendant *Biajio De Blazio* were in the house. After some conversation Frank Gillotti went to one of the bedrooms, procured the effects, and returned to the kitchen. Then followed some dispute relative to a cot which Frank claimed, but which defendant *Biajio* refused to let him have.

The evidence on behalf of the state tends to show that *Biajio* stated that Frank Gillotti was indebted to him for board, and, a dispute having arisen, *Biajio* stepped back and drew a revolver from his hip pocket, whereupon he was seized by Tony Gillotti, who caught him and threw him down at the foot of the stairs, and during the scuffle the revolver was dis-

charged; that the defendant *Joseph De Blazio,* who was then on the stairs, drew a revolver and commenced shooting at Frank Gillotti, who was at the door leading outside from the kitchen, and that he also fired at Tony Gillotti; that the Gillotti brothers then ran away, neither of them having been injured.

On the part of the defense the testimony tends to show that after the dispute between *Biajio De Blazio* and Frank Gillotti, Tony jumped upon *Biajio De Blazio* and threw him to the floor at the foot of the stairs, and that defendant *Joseph* went upstairs at the time Frank went into the bedroom to get his goods, and was attracted by the shouts of *Biajio* and started to go downstairs, but was prevented by Frank Gillotti, who stood at or near the kitchen door, and that Frank drew a revolver and commenced shooting in a southeasterly direction towards the stairway, and that when the trouble was over *Biajio,* who had been held at the foot of the stairs by Tony, was found to have been shot through the left forearm. The Gillottis further testified that they were unarmed at the time of the assault and did no shooting.

There is a sharp conflict in the evidence as to who did the shooting, several witnesses testifying that Frank Gillotti did, and others that the defendants, or one of them, did. So the question of who did the shooting was a material issue in the case. From the evidence the jury would have been justified in finding that Frank Gillotti was armed and fired several shots, although both Frank and Tony denied being armed and denied doing any shooting at the time of the assault. There is also evidence tending to show that the assault took place at about 5 o'clock in the afternoon of the day in question, and that both Frank and Tony left the defendant's house immediately after the assault and only about half a minute apart. Michael Millelo, one of the witnesses for the defense, was asked the following question:

"You may state whether or not, on the afternoon of January 11, 1908, at the hour of 5:30 o'clock, in the immediate vicinity of *Biajio De Blazio's* house, Tony Gillotti handed you two revolvers, one loaded and one unloaded."

This question was objected to by counsel for the state and the objection sustained, and this ruling is assigned as error. The question whether Frank was armed and did any of the shooting was a material issue in the case, and whether either Frank or Tony had in his possession revolvers shortly after the assault, and in the immediate vicinity of the premises, was material on the main question, namely, whether Frank did in fact do any shooting, since they both denied being armed. While it does not appear from the evidence that Tony Gillotti did any shooting, he went with his brother to the defendant's house and was connected with the assault, and left about half a minute after his brother Frank. In face of their testimony that they were unarmed and the testimony of several witnesses that Frank was armed and did the shooting, and the fact that they both left the place of assault at about the same time, we think evidence that either of them delivered two revolvers, one unloaded and another loaded, to the witness, within half an hour after the assault, was material, and the exclusion of it prejudicial error.

Other errors assigned need not be considered, since the questions presented by them are not likely to arise upon another trial.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded for a new trial. The inspector of the house of correction of Milwaukee county will remand the defendants to the custody of the sheriff of Milwaukee county, to be held by him until their custody be changed or they be discharged according to law.